In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2460

Jane Graham and V.Z. Lawton,

Plaintiffs-Appellants,

v.

Harley G. Lappin and Steven Carter,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. TH 01-104-C-T/G--John D. Tinder, Judge.

Submitted June 9, 2001--Decided June 9, 2001--
Amended and Published July 10, 2001


   Before Easterbrook, Rovner, and Diane P.
Wood, Circuit Judges.

   Easterbrook, Circuit Judge.  Timothy
McVeigh is scheduled to be executed at 7
a.m. on June 11 for his role in the
bombing of the Alfred P. Murrah Federal
Building in Oklahoma City in April 1995.
Plaintiffs, who describe themselves as
survivors of that terrorist act, filed
this suit seeking an injunction against
McVeigh's execution. According to
plaintiffs, McVeigh has (or could supply)
evidence that would assist them in
prosecuting a civil lawsuit that they
claim to have pending in Oklahoma.
Yesterday the district court denied this
request for relief. Plaintiffs filed a
notice of appeal and this morning made
what they describe as a "Motion to Stay
Execution." This is a misnomer, because
neither plaintiff is scheduled to be
executed. What plaintiffs actually want
is an injunction pending appeal, and we
construe their papers to request that
relief.

   They are not entitled to relief; as the
district judge concluded, this suit is
frivolous. Plaintiffs have standing, for
they allege both a concrete injury to
themselves and the possibility that the
relief they seek will redress that
injury. See Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560-61 (1992). Moreover, a district court is entitled under Fed. R. Civ. P. 27, 28(a), and 30(a) to issue ancillary orders that may be essential for obtaining evidence in pending litigation. But they have not established any claim on the merits. No rule of federal law precludes the government from carrying out judgments entered in criminal cases just because those judgments may have adverse effects on third parties. The child of a bank robber cannot obtain an injunction against his parent's incarceration, even though imprisonment imposes genuine losses on family members. Nor could the bank robber's creditors block his imprisonment on the theory that inmates can't earn the money needed to repay the debt.

Doubtless anticipating that a valid criminal judgment takes priority over any civil claims against the convicted person, plaintiffs contend that the judgment against McVeigh is invalid. This is something on which they lack any legal interest: a criminal judgment is not subject to collateral attack at the behest of a non-party who does not meet the requirements for proceeding as the convicted person's next friend. See Whitmore v. Arkansas, 495 U.S. 149, 161-66 (1990). Moreover, the substantive arguments asserted in plaintiffs' papers are ludicrous. They contend, for example, that Congress lacks the authority to prohibit (and punish) murder within the special maritime and territorial jurisdiction of the United States. See 18 U.S.C. sec.sec. 7(3), 1111, 1114 (the Murrah Building was federal property). Perhaps recognizing the absurdity of this position (for which they cite no authority) plaintiffs contend that the United States did not have title to the Murrah Building because Oklahoma did not consent to the federal government's acquisition of the land, a second proposition for which no support is adduced. Even if the state's consent for purposes of Art. I sec.8 cl. 17 were deemed defective, McVeigh was convicted of many additional offenses, such as using a weapon of mass destruction in interstate commerce, 18 U.S.C. sec.2332a. See United States v. McVeigh, 153 F.3d 1166 (10th Cir. 1998). The district judge did not err in denying the request for injunctive relief. The motion for an

injunction pending appeal is denied, and
the judgment of the district court is
summarily

affirmed.